UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS

FILED
CLERKS OFFICE
2004 JUN 21 P 5:01
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| SELENA MELENDEZ, PPA FRANCES CHASE, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. ) 04-11395 MLW ) |
| COSCO, INC., | ) ) |
| Defendant. | ) ) |

### DEFENDANT'S MOTION TO REMAND – ASSENTED TO

Defendant Dorel Juvenile Group, Inc. (hereinafter "DJG"), improperly named as Cosco, Inc., hereby moves this Honorable Court for an Order Remanding the above-captioned matter to Massachusetts state court. The Plaintiff assents to the granting of this Motion. As grounds for this Motion, DJG states as follows:

1. This action was originally commenced by the Plaintiff in Suffolk Superior Court in Boston, Massachusetts on March 22, 2004.

2. The Plaintiff filed an Amended Complaint on or about April 8, 2004.

3. Service of the summons and the amended complaint were made on DJG on May 24, 2004.

4. On Friday, June 18, 2004, DJG sought to remove the matter from state to federal court with the good faith belief that such removal was proper.

5. Removal was based on 28 U.S.C. §§ 1441 and 1446; jurisdiction was based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. As seen in the caption hereto, the original Defendant named by the Plaintiff was Cosco, Inc.

7. Cosco, Inc. was an Indiana corporation with a principal place of business located in Columbus, Indiana.

8. The Plaintiff is a resident of the Commonwealth of Massachusetts, therefore, there was complete diversity of citizenship between the original named parties to this action.

9. However, as stated in the Corporate Disclosure Statement filed in conjunction with the Notice of Removal, Cosco, Inc. no longer exists as it was merged into Safety 1st, Inc. in July of 2001. Safety 1st, Inc. later changed its name to Dorel Juvenile Group, Inc. ("DJG"). Therefore, the proper named-Defendant should have been DJG, not Cosco, Inc.

10. Following the merger and name change, DJG maintained its principal place of business in Columbus, Indiana, however, unlike Cosco, Inc., DJG was originally incorporated in the Commonwealth of Massachusetts, not the State of Indiana.

11. In the Notice of Removal filed by DJG, counsel mistakenly stated that DJG was an Indiana Corporation with a principal place of business in Columbus, Indiana.

12. It was only after the removal papers were filed that counsel to DJG was informed that DJG is a Massachusetts corporation, and therefore, there was not complete diversity of citizenship between the parties, and thus, this Court had no subject matter jurisdiction over the action.

13. Immediately upon learning of these facts, counsel for DJG contacted counsel to the Plaintiff and explained the error as well as DJG's intention to immediately file this Motion to Remand.

14. Counsel for the Plaintiff indicated that he assented to the granting of this Motion inasmuch as Plaintiff's preference is that this matter be litigated in the original court of the Plaintiff's own choosing.

15. Whereas the Notice of Removal was filed in the afternoon on Friday, June 18, 2004, and this assented to Motion to Remand is being filed on the very next business day, no action has taken place in this matter since the filing of the Notice of Removal.

16. A swift remand of this matter to state court is in the best interest of justice as it will place the matter back on its original track without any prejudice being suffered by any party.

WHEREFORE, DJG respectfully requests this Honorable Court issue an Order Remanding this matter to the Massachusetts state court from whence it came for all future proceedings.

Respectfully submitted,
DOREL JUVENILE GROUP, INC.
By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

Holly M. Polglase (BBO# 541882)
One Constitution Plaza
Boston, MA 02129
Tel: 617-241-3000
Fax: 617-241-5115

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)

I, Holly M. Polglase, hereby certify that pursuant to Local Rule 7.1(A), on June 21, 2004, I conferred via telephone with Chester L. Tennyson, Jr., Esquire, attorney of record for the Plaintiff, regarding the above-Motion and he indicated to me that he assented to the granting of this Motion.

_____
Holly M. Polglase

## CERTIFICATE OF SERVICE

I, Holly M. Polglase, hereby certify that on June 21, 2004, a true copy of the above document was served upon the attorney of record for each other party via first class U.S. mail, postage prepaid.

_____
Holly M. Polglase